NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3233

WILLIAM O. MEEK,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 13, 2004

_____

Before BRYSON, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

DECISION

Petitioner William Meek seeks review of an order of the Merit Systems Protection Board, Docket No. PH-0831-03-0227-I-1, in which the Board upheld the decision of the Office of Personnel Management ("OPM") denying Mr. Meek's request that his retirement annuity benefits under the Civil Service Retirement System ("CSRS") include credit for his post-1956 military service.  We <u>affirm</u>.

BACKGROUND

A civil service annuitant who retires after September 7, 1982, is entitled to credit for active military service performed after 1956 under both the CSRS and the Social Security System, but only if the annuitant deposits with the Civil Service Retirement Fund an amount equal to seven percent of his or her total post-1956 military pay. 5 U.S.C. §§ 8332(j) & 8334(j); Collins v. Office of Pers. Mgmt., 45 F.3d 1569, 1570-71 (Fed. Cir. 1995). If the annuitant fails to make the requisite deposit, OPM must recompute the annuitant's annuity payment when the annuitant first becomes eligible for Social Security benefits to exclude credit for post-1956 military service. 5 U.S.C. § 8332(j)(1); Collins, 45 F.3d at 1571.

Mr. Meek served in the United States Marine Corps from 1959 to 1969. He subsequently worked in the federal civilian service from 1971 to 1992, when he retired at age 51. In the course of electing retirement from civilian service, Mr. Meek signed OPM's Form 1515, entitled "Military Service Deposit Election." That form indicated that Mr. Meek had served in the military after 1956 and was eligible for a civil service annuity. It advised Mr. Meek that if he wished to be eligible at age 62 for a Social Security benefit that included credit for his post-1956 military service, he needed to make a deposit to the CSRS or else his civil service benefits would be reduced when he reached age 62. The form also referred to an attached form entitled "Information for Completing OPM Form 1515," which specifies that the amount of the deposit for post-1956 military service is seven percent of military basic pay and that the consequence of not making a deposit is a reduction in annuity at age 62. Mr. Meek signed a statement

04-3233                                          2

indicating that he had read the information regarding his right to make the deposit for post-1956 military service, and that he had elected not to make the deposit.

On February 18, 2003, after Mr. Meek reached the age of 62 and became eligible for Social Security benefits, OPM recalculated his civil service annuity because he had not made a deposit prior to his retirement. The recalculation eliminated credit for his post-1956 military service, thereby reducing his monthly retirement payment from $1637 to $1058.

Mr. Meek appealed OPM's decision to the Merit Systems Protection Board, asserting that he had been unaware that he needed to make a deposit for his post-1956 military service. The Board found, however, that Mr. Meek had been properly informed of the consequences of not making a deposit for his post-1956 service through forms he read and signed at the time of his retirement. The Board therefore concluded that Mr. Meek had made "a free and informed choice not to make the deposit," and that he was not entitled to an unreduced annuity. After the full Board denied Mr. Meek's petition for review, he sought review by this court.

## DISCUSSION

On appeal, Mr. Meek argues that he is entitled to an unreduced monthly annuity payment of $1637. In order to obtain that level of annuity, however, he was required to make a deposit equal to seven percent of his post-1956 military pay. The record shows that he was placed on notice of the need to make the deposit and that he elected not to do so.

Form 1515 sets forth the consequences of failing to make a deposit and cautions retirees that the decision about making a deposit may affect their rights under the Civil

Service Retirement Act. The form informed Mr. Meek that he "must either make a deposit for the military service or have [his] annuity benefits reduced at age 62." His signature appears below the statement "I have read this information concerning my rights to make a deposit for post-1956 military service . . . . I have decided not to make . . . this deposit." Likewise, Form 2801 stated that "[i]f you performed military service on or after January 1, 1957, you may pay a deposit of 7% of your military basic pay (plus interest, if applicable) to cover that service . . . . If you do not make the deposit and you are eligible for Social Security benefits at age 62, your annuity will be recomputed (at age 62) to eliminate the credit for the post-1956 military service." Form 2801 further stated: "You CANNOT change your decision after you retire."

Given that Form 1515 was "an unambiguous election form that notifies the signer of the consequences of election," Collins, 45 F.3d at 1573, and that Form 2801 also informed Mr. Meek of the consequence of electing not to pay the deposit, Mr. Meek is "not relieved from the consequences of [his] written election absent a showing that mental incompetence, duress or fraud is the reason for an election one later seeks to void," id. Mr. Meek does not assert mental incompetence, duress or fraud as the reason for having made the election not to pay the deposit. While he states that he was "on medication for [his] last three years of work" prior to retiring, he does not contend that taking medication rendered him incompetent to make the decision whether to pay the deposit. Accordingly, the Board's determination that Mr. Meek was knowingly elected not to make the deposit is supported by substantial evidence.

Mr. Meek also argues that he "should have been able to retire on disability instead of being assigned light duty and put on medication for [his] last three years of

04-3233                                                          4

work."  Before the Board, Mr. Meek noted that he was denied disability retirement benefits.  To the extent Mr. Meek is seeking review of the denial of disability retirement benefits, that issue is not within the scope of the present proceeding, which is confined to review of OPM's decision as to the computation of Mr. Meek's civil service annuity.

Mr. Meek also contends that the Board failed to consider a letter from the Social Security Administration stating that he qualified for Social Security benefits of $182 per month.  Mr. Meek argues that because he received credit for his post-1956 military service towards his Social Security benefits without paying a deposit, he is likewise not required to pay a deposit to receive credit for his post-1956 military service towards his annuity benefits.  That argument, however, is contrary to the law, which treats Social Security benefits and civil service retirement benefits differently with respect to credit for post-1956 military service.  While "military years are [ ] automatically creditable for social security benefit purposes," a civil service retirement annuitant with post-1956 military service must make a deposit prior to retirement in order to receive credit for that service once he starts receiving Social Security benefits.  Collins, 45 F.3d at 1570, quoting S. Rep. No. 97-504, 97th Cong., 2d Sess. 231 (1982).  We therefore reject Mr. Meek's argument that he need not pay a deposit because he received military credit in his Social Security benefits without making a deposit.

Because the Board's decision was supported by substantial evidence and is not challenged on any other legal ground, we affirm the Board's decision upholding OPM's calculation of Mr. Meek's civil service retirement annuity.